# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO

In Re: )
) **JUDGE RICHARD L. SPEER**
Patrick and Kristi Felgner )
) Case No. 11-32274
Debtor(s) )
)

## DECISION AND ORDER

This cause comes before the Court after a Hearing on the Trustee's Objection to the Debtors' claim of a homestead exemption in real property located in the state of Michigan. (Doc. No. 30). The Trustee's objection to the Debtors' claim of exemption is based on a single, uncontroverted fact: At the time they filed for bankruptcy relief, neither of the Debtors resided in the property against which they claim a homestead exemption.

At the conclusion of the Hearing held on the Trustee's objection, the Court afforded the Parties the opportunity to submit briefs in support of their respective positions. The Parties have since submitted their respective briefs which this Court has now had the opportunity to review. Based upon this review, and an analysis of the relevant legal precedent, the Court, for the reasons set forth herein, finds that the Trustee's objection to the Debtors' claim of exemption should be Sustained.

## FACTS

On April 22, 2011, the Debtors, Patrick and Kristi Felgner, filed a petition in this Court for relief under Chapter 7 of the United States Bankruptcy Code. (Doc. No. 1). Ericka Parker was thereafter appointed as the trustee of the Debtors' bankruptcy estate.

In filing for bankruptcy relief, the Debtors disclosed an ownership interest in two parcels of real property: (1) a property located in Toledo, Ohio which the Debtors listed as their residence at

In re: Patrick and Kristi Felgner
Case No. 11-32274

the time they filed for bankruptcy relief; and (2) a second property located in the state of Michigan. Citing to Ohio law, O.R.C. § 2329.66(A)(1), the Debtors claimed a homestead exemption in their Michigan property.

After the meeting of creditors held pursuant to § 341 of the Code, the Trustee filed her objection to the Debtors' claim of a homestead exemption in their Michigan property. As the basis for her objection, the Trustee set forth that the Debtors have listed "their residential address on the petition as being 1910 Ketner Ave., Toledo, Ohio 43613 and therefore, are not entitled to claim said exemption in the Michigan real estate due to the fact it is not their residence." (Doc. No. 14). In response, the Debtors set forth that they are entitled to claim a homestead exemption in their Michigan property because it "has been a second residence and will be used as the primary residence." (Doc. No. 17). To this end, the Debtors maintain that they are "surrendering the real estate located at 1910 Ketner, Toledo, Ohio and will be residing solely in the property located at 3656 Oceanbeach, Clark Lake, Michigan." *Id.*

## DISCUSSION

Before this Court is the Trustee's objection to the Debtors' claim of exemption. Determinations concerning the allowance of exemptions from property of the estate are deemed to be core proceedings pursuant to 28 U.S.C. § 157(b)(2)(B). Accordingly, in this matter, this Court has the jurisdictional authority to enter final orders and judgments. 28 U.S.C. § 157(b)(1).

When a debtor files for bankruptcy relief, all their interests in property become, by operation of law, property of an estate. 11 U.S.C. § 541(a). In a case proceeding under Chapter 7 of the Bankruptcy Code, property of the bankruptcy estate is subject to administration by a trustee, who is statutorily charged with expeditiously collecting, and then reducing to money, property of the estate for distribution to the debtor's creditors. 11 U.S.C. § 704(a)(1). A debtor's claim of exemption serves

Page 2

as an exception to this general rule, with the Bankruptcy Code providing that a debtor's interest in certain types of property may, notwithstanding its status as estate property, be exempted from the claims of creditors. 11 U.S.C. § 522(b)/(c).

Exemptions promote a variety of public-policy aims: (1) providing the debtor with that property which is necessary for their survival; (2) enabling the debtor to rehabilitate themselves; and (3) protecting the debtor's family from the adverse effects of impoverishment. *In re Malsch*, 400 B.R. 584, 587 (Bankr. N.D.Ohio 2008). For debtors who seek relief under the Bankruptcy Code, exemptions also further one of the Code's primary aims: providing the debtor with a fresh-start. *Id.* at 587–88. Based upon their remedial function, exemptions are to be liberally construed in favor of a debtor. *In re Bunnell*, 322 B.R. 331, 334 (Bankr. N.D.Ohio 2005).

Exemptions, however, are entirely creatures of statute, being in derogation of the common-law rule that all of a debtor's property is subject to execution for the payment of the debtor's legal obligations. *In re Wycuff*, 332 B.R. 297, 300 (Bankr. N.D.Ohio 2005). A debtor's intent to claim property as exempt will thus not be assumed. Instead, a debtor is required to take some affirmative action – usually by noting the claim of exemption and its statutory authority in bankruptcy schedule C – to claim property as exempt. *In re Brooks*, 227 B.R. 891, 893–94 (Bankr. W.D.Mo.1998).

The types of exemptions available to debtors in bankruptcy are not uniform and are dependent on the state in which "the debtor's domicile has been located for the 730 days immediately preceding the date of the filing of the petition . . ." 11 U.S.C. § 522(b). A debtor's domicile is "established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there." *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48, 109 S.Ct. 1597, 1608, 104 L.Ed.2d 29 (1989). A person, although having more than one residence, may only have

In re: Patrick and Kristi Felgner
Case No. 11-32274

one domicile at a particular time. *Williamson v. Osenton*, 232 U.S. 619, 34 S.Ct. 442, 58 L.Ed. 758 (1914).

No single factor can conclusively establish domicile. Instead, to determine the domicile of a debtor, a court must evaluate all of the circumstances of the case. *Galva Foundry Co. v. Heiden*, 924 F.2d 729 (7th Cir.1991). Among the factors to be considered in evaluating the situs of a debtor's domicile are: (1) the location of the current residence; (2) voting registration and voting practices; (3) location of spouse and family; (4) location of personal or real property; (5) location of brokerage and bank accounts; (6) memberships in churches, clubs, unions and other organizations; (7) location of a person's physician, lawyer, accountant, dentist and stockbroker; (8) place of employment or business; (9) driver's license and automobile registration; and (10) payment of taxes. *District of Columbia v. Murphy*, 314 U.S. 441, 455–58, 62 S.Ct. 303, 309–11, 86 L.Ed. 329 (1941).

Based upon these considerations, the state of Ohio necessarily constitutes the Debtors' domicile. The Debtors both filed for bankruptcy in Ohio, and both listed in their bankruptcy petition an Ohio address as their residence. The Debtors also related to the Court that they both vote in Ohio. Finally, according to the uncontested information submitted by the Trustee, both of the Debtors presently maintain Ohio driver's licenses and enroll their children in Ohio schools. (Doc. No. 35).

For individuals domiciled in Ohio, the right to exempt property in bankruptcy is determined by Ohio law as well as nonbankruptcy federal law. 11 U.S.C. § 522(b); O.R.C. § 2329.662. In this matter, the Debtors cite to § 2329.66(A)(1)(b) of the Ohio Revised Code as the basis for their claim of an exemption in their Michigan property. This provision provides:

> (A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows:

Page 4

> (b) In the case of all other judgments and orders, the person's interest, not to exceed twenty thousand two hundred dollars, in one parcel or item of real or personal property that the person or a dependent of the person uses as a residence.

When interpreting this provision, this Court must apply the law as interpreted by the state's highest court or, if there is no decision on point, how the Court believes the state's highest court would interpret the statute. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *In re Alam*, 359 B.R. 142, 148 (B.A.P. 6th Cir. 2008). This Court is to also afford deference to relevant rulings of other courts of the state. *Id.*

As applied to § 2329.66(A)(1)(b), the dispute between the Parties centers on the provision's requirement that a homestead exemption may only be claimed in property if the "person uses [it] as a residence." It is the Debtors' position in this regard that, notwithstanding Ohio being their domiciliary, they "use" their Michigan property as their residence because they "have shown an intent to live in the real estate in the future." (Doc. No. 34). The Trustee contends, however, that the Debtors do not "use" their Michigan property as a residence because "although they may intend to move after the banrkuptcy [sic] to MI, the exemptions are applied based upon the date of the bankruptcy filing." (Doc. No. 35).

The term "uses," as contained in § 2329.66(A)(1)(b), equates with occupancy. That is, for property to be used as a residence within the meaning of § 2329.66(A)(1)(b), the property must be occupied and used as a home. *In re Kimble*. 344 B.R. 546, 555 (Bankr. S.D.Ohio 2006), *citing Staley v. Woolley*, 4 Ohio Cir. Dec. 550, 1893 WL 297, *2 (1893); *In re Lusiak*, 247 B.R. 699, 702 (Bankr. N.D.Ohio 2000). As set forth by the Ohio Supreme Court:

> The term 'homestead' therefore contemplates occupancy as a dwelling place, and therefore in order to hold a dwelling place as a 'homestead' it must at some time have been occupied as a home by one who claims the benefit of the exemption.

Page 5

*Mut. Bldg. & Invest. Co. v. Efros*, 152 Ohio St. 369, 373, 40 O.O. 389, 89 N.E.2d 648, 650 (1949) (interpreting Ohio's prior exemption statute, Section 11663-1 of the General Code).

As is the situation with a person's domicile, the determination of a debtor's right to exempt property is assessed as of the date the debtor files for bankruptcy relief. *In re Wengerd*, 453 B.R. 243, 250 (6th Cir. B.A.P. 2011), citing *White v. Stump*, 266 U.S. 310, 45 S.Ct. 103, 69 L.Ed. 301 (1924). Consequently, the time at which a debtor files for bankruptcy relief determines whether the debtor occupies their property as a home, and thus whether the property is used as a residence so as to qualify it for an exemption under § 2329.66(A)(1)(b). However, unlike alluded to by the Trustee, physical occupancy by a debtor of their residence on the date a petition is filed is not an absolute prerequisite to a proper claim of a homestead exemption under § 2329.66(A)(1)(b).

Instead, in applying Ohio legal precedent,[1] this Court has recognized that a debtor can qualify for a homestead exemption under § 2329.66(A)(1)(b) if, on the date the petition is filed, they constructively occupy their residence. In more detail, this Court, in case of *In re Cameron*, set forth that an interpretation of Ohio law "presents the legal proposition that in liberally construing the exemption statute in a light most favorable to the Debtors, the Court should recognize a constructive occupancy." 25 B.R. 119, 120 (Bankr. N.D.Ohio 1982). The circumstances at issue in *In re Cameron* involved debtors who, at the time they filed for bankruptcy relief, had been displaced from their residence because of a fire, but who intended to return to their residence once the fire damage had been repaired.

The concept of constructive occupancy, however, is limited in its breadth. Specifically, as was the situation presented to this Court in *In re Cameron*, constructive occupancy has been

---

[1] *Matter of Cottingim*, 7 B.R. 56 (Bankr. S.D.Ohio 1980), and *Mutual Building and Investment Co. v. Efros*, 152 Ohio St. 369, 40 Ohio Ops. 389, 89 N.E.2d 648 (1949).

Page 6

In re: Patrick and Kristi Felgner
Case No. 11-32274

generally confined under Ohio law to those situations involving a debtor's claim of a homestead in property where, although left temporarily unoccupied, the debtor lacks the intent to permanently abandon the property. *See In re Wengerd*, 453 B.R. at 248, *citing Jackson v. Reid*, 32 Ohio St. 443 (Ohio 1877) (despite debtor's temporary absence from homestead, exemption was allowed because evidence showed no intention to permanently abandon); *Wetz v. Beard*, 12 Ohio St. 431 (Ohio 1861) (exemption allowed where temporary removal without intent to abandon homestead); *Meadow Wind Health Care Ctr. v. McInnes*, 2000 WL 1055938 (Ohio Ct.App. July 24, 2000) (temporary removal with no intent to abandon insufficient to deny exemption; for exemption purposes, abandonment consists of both actually leaving and intent to abandon).

At the same time, Ohio law is also clear regarding property that has never been used or occupied as a primary residence. In *Mutual Bldg. & Inv. Co. v. Efros*, the Ohio Supreme Court held:

> Premises that have not been occupied as a home or dwelling place have not been impressed with the character of a homestead and can not be claimed as such. To constitute a homestead under the statute there must be residence, actual or constructive.
>
> Mere intention to occupy premises as a home at some future time without residence or occupancy is insufficient to establish a homestead.
>
> Where premises have never been used or occupied as a homestead the right thereto can not be acquired by a mere intention to use them as such at some indefinite future time.

152 Ohio St. 369, 373-74, 89 N.E.2d 648, 651 (Ohio 1949) (internal citations omitted). A homestead, therefore, cannot be impressed upon a property that was never used as a primary residence.

In this case, there is no evidence that the Debtors ever occupied their Michigan property as a homestead. To the contrary, the evidence shows that the Debtors' domicile has been maintained at their Ohio property, with their Michigan property being used simply as a vacation home. Accordingly, based on the binding precedent set forth in *Mutual Building and Investment Co. v.*

Page 7

In re: Patrick and Kristi Felgner
Case No. 11-32274

generally confined under Ohio law to those situations involving a debtor's claim of a homestead in property where, although left temporarily unoccupied, the debtor lacks the intent to permanently abandon the property. *See In re Wengerd*, 453 B.R. at 248, *citing Jackson v. Reid*, 32 Ohio St. 443 (Ohio 1877) (despite debtor's temporary absence from homestead, exemption was allowed because evidence showed no intention to permanently abandon); *Wetz v. Beard*, 12 Ohio St. 431 (Ohio 1861) (exemption allowed where temporary removal without intent to abandon homestead); *Meadow Wind Health Care Ctr. v. McInnes*, 2000 WL 1055938 (Ohio Ct.App. July 24, 2000) (temporary removal with no intent to abandon insufficient to deny exemption; for exemption purposes, abandonment consists of both actually leaving and intent to abandon).

At the same time, Ohio law is also clear regarding property that has never been used or occupied as a primary residence. In *Mutual Bldg. & Inv. Co. v. Efros*, the Ohio Supreme Court held:

> Premises that have not been occupied as a home or dwelling place have not been impressed with the character of a homestead and can not be claimed as such. To constitute a homestead under the statute there must be residence, actual or constructive.
>
> Mere intention to occupy premises as a home at some future time without residence or occupancy is insufficient to establish a homestead.
>
> Where premises have never been used or occupied as a homestead the right thereto can not be acquired by a mere intention to use them as such at some indefinite future time.

152 Ohio St. 369, 373-74, 89 N.E.2d 648, 651 (Ohio 1949) (internal citations omitted). A homestead, therefore, cannot be impressed upon a property that was never used as a primary residence.

In this case, there is no evidence that the Debtors ever occupied their Michigan property as a homestead. To the contrary, the evidence shows that the Debtors' domicile has been maintained at their Ohio property, with their Michigan property being used simply as a vacation home. Accordingly, based on the binding precedent set forth in *Mutual Building and Investment Co. v.*

Page 7

In re: Patrick and Kristi Felgner
Case No. 11-32274

*Efros*, the Debtors' intent to occupy their Michigan property at some point in the future is insufficient to establish the property as a residence for purposes of § 2329.66(A)(1)(b). This conclusion is further supported by the recent decision rendered by the Bankruptcy Appellate Panel for the Sixth Circuit in *In re Wengerd*, 453 B.R. 243, 250 (6th Cir. B.A.P. 2011).

In *In re Wengerd*, the question before the court was whether debtors who, at the time they filed for bankruptcy relief, had used, and were currently using, a home for a principal residence must also intend to occupy the residence in the future to claim a homestead exemption. *Id.* at 247. This question arose on account of the trustee's objection to the debtors' claim of an exemption in their residence where the debtors had entered into a prepetition contract to sell their home, but had not yet vacated the home at the time of their bankruptcy. After conducting an extensive analysis of case law addressing the issue of occupancy and intent, the court in *In re Wengerd* held that "the Debtors' intention to leave their property post-petition is irrelevant and does not defeat their claim to the homestead exemption provided by Ohio Rev.Code § 2329.66(A)(1)." *Id.* at 252. In coming to this decision, the court in *In re Wengerd* cited with favor this Court's decision in *In re Cope*, 80 B.R. 426 (Bankr. N.D.Ohio 1987).

In *In re Cope*, the debtor claimed a homestead exemption in a property he owned and in which he had resided for a number of years. At the time he filed for bankruptcy relief, the property was used by the debtor as a residence. However, just three days after filing his petition, the debtor abandoned his homestead by moving to another property. Under these circumstances, the trustee objected to the debtor's claim of a homestead exemption. However, like in *In re Wengerd*, this Court dismissed the trustee's objection, finding that when a debtor's residence has been established, it continues until the property is actually abandoned. *Id.* at 428.

These decisions, thus, show that when determining a debtor's homestead for exemption purposes, the location of a debtor's residence is fixed at the time the bankruptcy case is filed; a

Page 8

In re: Patrick and Kristi Felgner
Case No. 11-32274

debtor's future intent to abandon their homestead is not considered. Accordingly, in this case, the Debtors' future intent to establish a new residence cannot be used to create a homestead exemption in a property which did not constitute their primary residence at the time they filed for bankruptcy relief.

In conclusion, the Court finds that, based upon applicable legal precedent, a debtor's intention to occupy a property as a homestead at some point in the future does not give rise to an exemption under § 2329.66(A)(1)(b). Instead, to claim a homestead exemption under § 2329.66(A)(1)(b), a debtor must occupy, whether actually or constructively, the property at the time the bankruptcy case is filed. Consequently, as their Michigan property was not occupied at the time their bankruptcy case was filed, the Debtors are not entitled to claim an exemption in the property.

In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Accordingly, it is

**ORDERED** that the Trustee's Objection to the Debtors' claim of a homestead exemption under Ohio Revised Code § 2329.66(A)(1), be, and is hereby, SUSTAINED.

Dated: October 24, 2011

_____
Richard L. Speer
United States
Bankruptcy Judge

Page 9

# CERTIFICATE OF SERVICE

Copies were mailed this 24th day of October, 2011 to:

Chase Auto Finance
201 N. Central Ave Floor 11
Phoenix, AZ 85004

Kristi J Felgner
1910 Ketner Ave
Toledo, OH 43613

Patrick G Felgner
1910 Ketner Ave
Toledo, OH 43613

Abbey M. Flynn
425 Jefferson Ave Suite 910
Toledo, OH 43604

Ericka S Parker
232 10th Street
Toledo, OH 43604

Steven Lee Smith
41 S. High Street Suite 2400
Columbus, OH 43215

                                              /s/ Jennifer Huff
                                      Deputy Clerk, U.S. Bankruptcy Court